UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CATHERINE KIMBALL                                CIVIL ACTION

VERSUS                                           12-395-JJB-SCR

HEALTHCAREFIRST

## RULING ON MOTION TO TRANSFER

This matter is before the Court on a motion (doc. 7) by Defendant HEALTHCAREfirst ("Defendant") to dismiss or transfer this case to Missouri. The case centers around a non-compete agreement entered into by Plaintiff Catherine Kimball ("Plaintiff") and Defendant, her former employer. Plaintiff asserts the agreement is invalid and has brought suit for declaratory judgment and damages. At a hearing on a preliminary injunction on this matter, the Court ordered both parties to brief the issue of whether the matter should be transferred to Missouri subject to a choice of law and venue clause contained in the agreement. Oral argument on this issue is not necessary. For the following reasons, the Court finds that Louisiana is the proper venue for this action and that Louisiana law should govern.

A district court sitting in diversity is to apply the Louisiana approach to conflicts of law. And although Louisiana courts allow parties to stipulate which state's law is to govern their contracts, these stipulations will not be honored when there are "strong public policy considerations" that justify this refusal. *NCH*

*Corp. v. Broyles*, 749 F.2d 247, 250 (5th Cir. 1985) (internal citations omitted).

The Louisiana statute governing non-compete agreements expressly provides that choice of law and choice of venue provisions contained in such agreements "shall be null and void except where . . . expressly, knowingly and voluntarily agreed to and ratified by the employee *after the occurrence*" of the action that led to the suit. La. R.S. 23:921(A)(2) (emphasis added). In this case, the Plaintiff has not ratified the choice of venue or law provisions after she left the Defendant's employment. Further, the Louisiana Supreme Court has held that 23:921(A)(2) "is a strong expression of Louisiana public policy concerning forum selection clauses" and thus justify the refusal to enforce an otherwise valid forum selection clause in a contract. *Sawicki v. K/S Stavanger Prince*, 802, So.2d 598, 606 (La. 2001). This Court's ruling is in accord with numerous cases interpreting this statute. See e.g. *Westbrook v. Pike Elec.*, L.L.C., 799 F. Supp. 2d 665, 670 (E.D. La. 2011); *Bell v. Rimkus Consulting Group, Inc. of Louisiana,* 983 So. 2d 927, 930 (La. App. 5 Cir. 2008).

As the Court finds Plaintiff did not ratify the forum selection clause after she left HEALTHCAREfirst and that enforcement of the clause otherwise would be contrary to Louisiana's strong public policy to prevent individuals from depriving themselves of the ability to work, the forum selection clause is null and void and the suit will stay in the Middle District of Louisiana. The motion to dismiss or transfer is DENIED.

Signed in Baton Rouge, Louisiana, on July 24, 2012.

                                    _____
                                    **JUDGE JAMES J. BRADY**
                                    **UNITED STATES DISTRICT COURT**
                                    **MIDDLE DISTRICT OF LOUISIANA**