UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATHERINE KIMBALL

VERSUS

HEALTHCAREfirst, INC.

CIVIL ACTION

NO. 12-395-JJB-SCR

# RULING ON MOTION TO ALTER OR AMEND AND MOTION FOR ENTRY OF JUDGMENT UNDER RULE 58(D) OR RULE 54(B)

This matter is before the court on Plaintiff Catherine Kimball's ("Kimball") Motion (doc. 34) to Alter or Amend, and Defendant HEALTHCAREfirst, Inc.'s ("HCF") Motion (doc. 37) for Entry of Judgment Under Rule 58(d), or Alternatively, Motion for Finding of No Just Cause for Delay Under Rule 54(b). Defendant filed an Opposition (doc. 36) to Plaintiff's Motion to Alter or Amend, and Plaintiff subsequently filed a Reply (doc. 40). With regard to the Defendant's Motion, Plaintiff filed a Statement of No Opposition (doc. 39). There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1332. For the reasons stated herein, Plaintiff's Motion (doc. 34) to Alter or Amend is **GRANTED**, and Defendant's Motion (doc. 37) for Entry of Judgment Under Rule 58(d), or Alternatively, Motion for Finding of No Just Cause for Delay Under Rule 54(b) is **DENIED**.

## Background

In April 2009, Kimball joined HCF in a sales position. When she joined HCF, she signed an agreement entitled, "Competitive Activity; Confidentiality; Non-Solicitation." (Doc. 27, Ex. 1). In January 2012, HCF terminated Kimball. Subsequently, Kimball

1

started looking for new work. (Doc. 27, Ex. 2, p. 43, Ins. 19-23). Kimball has stated that she applied to work with four entities in the healthcare industry. Kimball eventually obtained employment with Trace Security, Inc. starting in September 2012 through the present. (*Id*. at 12, Ins. 13-24). Kimball asserts that for at least one company that she applied to, Select Data, Inc., the sole reason she was denied employment was the non-compete clause in her contract with HCF.

On June 6, 2013, this Court issued its Ruling (doc. 33) granting Defendant's Motion for Summary Judgment. In the Ruling, this Court refused to declare that the "Competitive Activity; Confidentiality; Non-Solicitation" contract was absolutely null. Furthermore, this Court found that Plaintiff could not satisfy the elements of a tortious interference claim, and Civil Code Article 2033 did not apply because the article only applies to absolutely null contracts.

Subsequently, Plaintiff filed a Motion (doc. 34) to Alter or Amend, in order to have this Court alter its previous ruling on Defendant's Motion for Summary Judgment. Defendant later filed a Motion (doc. 37) for Entry of Judgment Under Rule 58(d), or Alternatively, Motion for Finding of No Just Cause for Delay Under Rule 54(b), seeking the entrance of a separate judgment reflecting that the matter is final under Rule 58 of the Federal Rules of Civil Procedure, or only to the extent that not all claims were resolved, that there is no just reason for delay and enter a final judgment under Rule 54(b).

**Analysis**

**A. Motion to Alter or Amend (Doc. 34)**

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions. A Court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "Rule 59(e) does not apply until such a final judgment has been entered." *Id.* "This reading is confirmed by the fact that Rule 54(a) defines 'judgment' as used in the rules to mean 'a decree and any order from which an appeal lies.'" *Id.* (quoting Fed. R. Civ. Pro. 54(a)). "Rule 54(b) refers to an 'order or other form of decision, however designated.'" *Id.* (quoting Fed. R. Civ. Pro. 54(b)). "Only upon explicit statement does such an order become a judgment under Rule 54(b)." *Id.* In the present matter, a final judgment has not been issued, so the Motion to Alter of Amend is properly considered under Rule 54(b).

"District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, WL 2026670, at *2 (M.D. La. May 20, 2010)). "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995). Because the prior Ruling (doc. 33) on Defendant's Motion for Summary Judgment was manifestly erroneous, this Court will reconsider its prior ruling.

1. <u>The Non-Compete and Non-Solicitation Clauses are Absolutely Null</u>

3

"Although there is a <u>strong public policy</u> in Louisiana restricting these noncompetition and nonsolicitation agreements, these contracts are clearly permitted in the <u>limited</u> circumstances delineated by La. R.S. 23:921." *Technical Industries, Inc. v. Banks*, 419 F. Supp. 2d 903, 916 (W.D. La. 2006) (emphasis added). However, in the present matter, the Defendant has conceded that the relevant non-compete and non-solicitation clauses of the contract between Plaintiff and Defendant are contrary to Louisiana law as provided in R.S. § 23:921. (*See* Doc. 12, p. 2) (Defendant HCF admits that the relevant non-competition and non-solicitation clauses violate the provisions of R.S. § 23:921). "The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." La. Civ. Code art. 1968. "Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity." La. Civ. Code art. 7. It is of no consequence that the object of this contract may not have been illicit or immoral, as those are not the exclusive means by which a contractual provision becomes an absolute nullity. Accordingly, the non-competition and non-solicitation clauses at issue are absolutely null because these clauses violated R.S. § 23:921, and thus, were a juridical act in derogation of a law enacted to protect a strong Louisiana public policy.

Nonetheless, these provisions can be severed from the overarching agreement between the Plaintiff and Defendant. *See* La. Civ. Code art. 2034. In the present matter, the parties included a severability clause in their agreement, thus allowing for the severance of these provisions from the overall employment contract. (*See* Doc. 19, p. 3).

4

Accordingly, the entire employment agreement is not absolutely null. Instead, only the severed non-competition and non-solicitation clauses that derogate from the provisions of R.S. § 23:921 are absolutely null.

2. <u>Under Louisiana Statutory Interpretation, Louisiana Civil Code Article 2033 Provides for the Possibility of Damages</u>

Turning to the issue of whether Plaintiff is legally entitled to damages under Louisiana Civil Code article 2033, on reconsideration, this Court finds that Plaintiff is potentially entitled to damages as a result of the absolutely null non-compete and non-solicitation clauses. The relevant portion of Article 2033 reads as follows:

> An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.

La. Civ. Code art. 2033, ¶ 1. Defendant asserts that Article 2033 only covers situations where the entire contract is found void *ab initio*. Plaintiff contends it is absurd to read the code article in that manner, and the article should apply to situations where severable contractual provisions are found to be absolutely null. Neither party cites to any Louisiana case law specifically dealing with the issue, nor has this Court been able to find any cases on point. Accordingly, because this court is sitting in diversity, it must "employ the methods of statutory interpretation used by the relevant state's courts," which is Louisiana in the present matter. *Marlow, L.L.C. v. BellSouth Telecommunications, Inc.*, 686 F.3d 303, 307 (5th Cir. 2012).

In Louisiana, it is fundamental that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code art. 9. "When the law is not clear and unambiguous or its application leads to absurd consequences, we must rely on the secondary rules of statutory interpretation to discern the meaning of the statutes at issue." *McLane Southern, Inc. v. Bridges*, 84 So. 3d 479, 483 (La. 2012). "The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it." *Id.* "The statute must, therefore, be applied and interpreted in a manner, which is consistent with logic and the presumed fair purpose and intention of the Legislature in passing it." *Id.* "[T]he object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result." *Richard v. Hall*, 874 So. 2d 131, 149 (La. 2004) (quoting *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 808 So. 2d 294 (La. 2001)) (internal quotation marks omitted).

Here, despite the wording of Article 2033 referring to "contract," the application of a strict interpretation would lead to an absurd consequence. Namely, it would allow a contracting party to avoid the application of Article 2033 by simply including an absolutely null provision in a larger contract, which could then be severed from the overarching contract under Civil Code article 2034 and give the party a reprieve from

having to restore the other party to the condition they were in prior to the inclusion of that absolutely null provision. It would be absurd to think the Legislature would provide an inherent work-around by making Article 2033 inapplicable if the entire contract was not an absolute nullity, and instead, only certain, severable provisions of it were absolutely null. An interpretation as the Defendant calls for would eliminate the usefulness and effectiveness of Article 2033, and leave it without any teeth. In order to avoid this absurd result, Article 2033 must be interpreted to apply to any contract or severed contractual provision that is deemed to be an absolute nullity. Accordingly, because the severed non-competition and non-solicitation clauses in the present matter are absolutely null, and Article 2033 must be interpreted to apply even in situations where severed contractual provisions are absolutely null or else it would lead to an absurd result, the Plaintiff is potentially entitled to "be restored to the situation that existed before the contract was made." La. Civ. Code art. 2033.

This is not a situation in which the Court is creating a "new legal remedy unknown to Louisiana law." *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Instead, this Court is applying a remedy that has been provided for in the Louisiana Civil Code for many years. Therefore, this is not a situation where the Court is fashioning a new remedy, but rather, applying a remedy that is well-founded in Louisiana law.

3. <u>Plaintiff Has Presented Sufficient Evidence to Prove a Genuine Issue of Material Fact as Related to Her Claim for Damages Under Civil Code Article 2033</u>

7

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The moving party seeking summary judgment has the burden of demonstrating the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the non-moving party has the burden of proof at trial, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

In order to potentially recover damages under Article 2033, Plaintiff must establish that the absolutely null clause actually caused her some form of damages, such as causing her to lose a job opportunity. Plaintiff appears to present sufficient evidence to establish a genuine issue of material fact as to whether the absolutely null provisions

8

caused her to lose a job opportunity, and thus, sustain damages. Upon being fired, it is undisputed that Plaintiff applied to four potential employers. (Doc. 27-1, p. 1-2). In her Opposition (doc. 29) to Defendant's Motion for Summary Judgment, Plaintiff asserts that she was notified by one of those employers, Select Data, Inc., that the only reason it could not hire her was the non-compete provision in her contract with Defendant. (Doc. 29, p. 4). To support this assertion, Plaintiff attached her deposition, where she stated:

> Q   Now, did Mr. Buckley ever offer you an employment position?
> A   He said that he would love to have me aboard, but he needed to see what kind of—I told him about my non-compete, and he needed to see what it looked like so he could show his attorneys.
> Q   And did you ever show him a copy of the contract?
> A   Yes.
> Q   When did you do that?
> A   Right after that conversation, I guess, whatever date that was.
> Q   So sometime in March?
> A   Yeah. I e-mailed him a copy of that confidentiality agreement and non-compete.
> Q   Did you send him a copy of the entire agreement?
> A   Yes.
> Q   And what did he respond?
> A   He said he needed to have his attorneys look at it, and he'd get back with me.
> Q   When did he get back to you?
> A   He got back with me maybe a couple of days later, and said that he could not hire me because the non-compete keeps me from selling for him, as well as anybody else in the entire country for two years.

(Doc. 29-2, p. 10-11). Here, Plaintiff has presented deposition testimony that the reason she did not get at least one job was due to the absolutely null non-compete clause in her contract with Defendant. Accordingly, viewing the evidence in the light most favorable to the non-moving party, Plaintiff has presented sufficient evidence to establish that she can meet her burden of proof regarding the essential element of her claim at trial, and

therefore, has presented a genuine issue of material fact as it relates to Plaintiff's claim for damages under Civil Code Article 2033.

## B. Motion for Entry of Judgment Under Rule 58(d), or Alternatively, Motion for Finding of No Just Cause for Delay Under Rule 54(b) (Doc. 37)

Defendant has requested the Court to either enter a final judgment pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, or to the extent all claims are not resolved, to find there is no just reason for delay and enter a final judgment under Rule 54(b). (Doc. 37). Plaintiff filed a Statement of No Opposition to this motion. (Doc. 39). However, on reconsideration, this Court has now denied in part the Defendant's Motion for Summary Judgment as it relates to Plaintiff's Civil Code Article 2033 claim. As a result, this Court cannot grant a final judgment under Rule 58(d).

As to the request for certification under Rule 54(b), when multiple claims or parties are involved, the court "may direct the entry of judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Fed. Rule Civ. P. 54(b). While application of the rule is discretionary, there is "a historic federal policy against piecemeal appeals." *H & W Industries v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988). For that reason, district courts have been instructed to use the procedure sparingly rather than routinely. *Jasmin v. Dumas*, 726 F.2d 242 (5th Cir. 1984). In the present matter, Defendant has failed to demonstrate that certification is warranted under Rule 54(b).

10

## Conclusion

Therefore, Plaintiff's Motion (doc. 34) to Alter or Amend is **GRANTED**. On reconsideration, this Court finds that Louisiana Civil Code Article 2033 does potentially apply to the present matter, and Plaintiff has presented a genuine issue of material fact regarding her claim for damages under Article 2033. Furthermore, Defendant's Motion (doc. 37) for Entry of Judgment Under Rule 58(d), or Alternatively, Motion for Finding of No Just Cause for Delay Under Rule 54(b) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 5, 2013.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**